In re MULLER'S ESTATE. (Supreme Court, Appellate Division, First Department. June 16, 1905.) In the matter of Gustav A. Muller, deceased.

PER CURIAM. Order affirmed, with costs.

HATCH, J., dissents.

MUNGER VEHICLE TIRE CO. v. RUBBER GOODS MFG. CO. (Supreme Court, Appellate Division. First Department. June 16, 1905.) Action by the Munger Vehicle Tire Company against the Rubber Goods Manufacturing Company. No opinion. Motion denied, with $10 costs.

MURPHY, Respondent, v. JOHN HANCOCK MUT. LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 9, 1905.) Action by Lizzie Murphy against the John Hancock Mutual Life Insurance Company.

PER CURIAM. Judgment and order affirmed, with costs.

HOOKER, J., not voting.

NAUSCH, Respondent, v. CENTRAL VERMONT RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 29, 1905.) Action by Herman Nausch against the Central Vermont Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

NEWMAN, Respondent, v. BURNS et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 9, 1905.) Action by Annie Newman against Kathryn L. Burns and others.

PER CURIAM. Motion to dismiss appeal granted, with costs, unless the appellants pay to the respondent $10 costs and serve the appeal papers within 10 days. On compliance with these conditions, motion denied, without costs.

NEW YORK BRICK & PAVING CO., Appellant, v. BRONX BOROUGH BANK OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 17, 1905.) Action by the New York Brick & Paving Company against the Bronx Borough Bank of New York.

PER CURIAM. Judgment affirmed, with costs, on opinion of Mr. Justice Rogers, delivered at Trial Term. 85 N. Y. Supp. 557.

HISCOCK, J., not voting.

In re NEW YORK CITY INTERBOROUGH RY. CO. (Supreme Court, Appellate Division, First Department. June 16, 1905.) In the matter of the New York City Interborough Railway Company. No opinion. Motion granted.

NEW YORK FIRE PROOF TENEMENT ASS'N v. STANLEY et al. (Supreme Court, Appellate Division, First Department. June 26, 1905.) Action by the New York Fireproof Tenement Association against Arthur F. Stanley and another. No opinion. Motion denied, with $10 costs.

NEW YORK TIMES CO., Respondent, v. NEW YORK EVENING JOURNAL PUB. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by the New York Times Company against the New York Evening Journal Publishing Company and others. C. J. Shearn, for appellants. A. A. Cook, for respondent.

PER CURIAM. Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer, on payment of costs in this court and in the court below.

NEW YORK TIMES CO., Respondent, v. STAR CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by the New York Times Company against the Star Company and others. C. J. Shearn, for appellants. A. A. Cook, for respondent.

PER CURIAM. Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer, on payment of costs in this court and in the court below.

NEW YORK, L. & W. RY. CO., Respondent, v. PEOPLE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) Action by the New York, Lackawanna & Western Railway Company against the people of the state of New York and the city of Buffalo. No opinion. Judgment and order affirmed, with costs.

NICOLINO, Respondent, v. FORTY–SECOND ST., M. & ST. N. AVE. RY. CO., Appellant. (Supreme Court, Appellate Term. June 22, 1905.) Appeal from City Court of New York, Trial Term. Action by Francesco Nicolino against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. From an order setting aside a verdict for defendant, it appeals. Reversed. Bayard H. Ames, and F. Angelo Gaynor, for appellant. Palmieri & Wechsler, for respondent.

PER CURIAM. There was evidence, which the jury had a right to credit, that the plaintiff had been discharged cured from the hospital in nine days. There was also evidence that on December 29th there was no synovitis, as all evidence of a fractured rib had been struck out. We believe that the verdict should not have been considered inadequate. The order will therefore be reversed, with $10 costs and disbursements, the verdict restored, and judgment entered accordingly.